

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM P. FAULKNER, | ) | |
| Plaintiff, | ) | |
| VS. | ) | No. 04-2974-T/An |
| GEORGE JONES, | ) | |
| Defendant. | ) | |

---

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff William P. Faulkner, Wisconsin Department of Corrections prisoner number 244067, an inmate at the Stanley Correctional Institution in Stanley, Wisconsin, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Wisconsin on June 24, 2004 in connection with his previous confinement at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee. Plaintiff paid the civil filing fee. After screening the complaint pursuant to 28 U.S.C. § 1915A, U.S. District Judge Barbara B. Crabb issued an order on July 26, 2004 authorizing service on George Jones, a unit manager at the WCF, and dismissing the complaint with respect to all other defendants.

On October 12, 2004, Jones filed a motion seeking dismissal of the complaint on the grounds of failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), lack of personal jurisdiction, improper venue and expiration of the statute of limitations.[1] Plaintiff filed his response to the motion on October 21, 2004, and defendant filed a reply on November 17, 2004. Judge Crabb issued an order on November 22, 2004 transferring the action to this district pursuant to 28 U.S.C. § 1404(a). The Wisconsin court did not rule on the issues regarding failure to exhaust and the statute of limitations.[2] The action was docketed in the Western Division of this district on November 28, 2004. On January 7, 2005, defendant Jones filed a motion, pursuant to Fed. R. Civ. P. 12(b)(3), seeking a change of venue to the Eastern Division, where the WCF is located. District Judge Bernice B. Donald issued an order on June 13, 2005 transferring the case to this division.

On March 22, 2005, a motion for summary judgment was filed on behalf of both Jones and CCA,[3] again raising the issues of the statute of limitations and failure to exhaust administrative remedies. Plaintiff did not respond to this motion, although his previous response to the motion to dismiss is relevant and will be considered. Plaintiff did, however,

---

[1] A motion to dismiss was originally filed on October 4, 2004 on behalf of defendant Corrections Corporation of America ("CCA"), even though Judge Crabb's July 26, 2004 order dismissed the claims against that party. The only issue raised in that motion was plaintiff's failure to exhaust his administrative remedies. A document titled "Amended Motion and Motions to Dismiss of George Jones" was filed on October 12, 2004. In that motion, Jones joined in CCA's argument as to lack of exhaustion and also raised the issues of lack of personal jurisdiction, improper venue and the statute of limitations.

[2] The order transferring the action rendered moot defendant Jones's argument as to lack of personal jurisdiction.

[3] It is unexplained why motions continued to be filed on behalf of CCA, who has not been a party to this action since July 26, 2004.

file a motion seeking appointment of counsel on April 11, 2005.

The motion to dismiss filed on behalf of CCA and joined by defendant Jones was supported by the affidavits of WCF Sergeant Victoria Burnett and of Ina Carter, the secretary to the warden of the WCF. Plaintiff's response to the motion to dismiss included the affidavit of Rock Ingram, who was incarcerated at the WCF at some unspecified time. The Court also has considered these materials in connection with the motion for summary judgment.

Motions for summary judgment are governed by Fed. R. Civ. P. 56. Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citation omitted).

Under Fed. R. Civ. P. 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations

3

or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).[4]

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"); Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (footnote omitted). The Court's function is not to weigh the evidence, judge

---

[4] Rule 56(e) sets forth in detail the evidentiary requirements applicable to a summary judgment motion:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to all the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

4

credibility, or in any way determine the truth of the matter, however. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

The complaint alleges that the plaintiff, a nonsmoker, is a diabetic with cardiac and respiratory problems. At some unspecified time an inmate who smokes was assigned to his cell. Plaintiff allegedly complained to defendant Jones, who did not reassign the plaintiff or his cellmate. After approximately six weeks, plaintiff was examined by the doctor at the WCF, who allegedly stated that his lungs were filling up with fluid due to the secondhand smoke. The doctor advised plaintiff to tell Jones it was his medical opinion that plaintiff should not be housed with a smoker. No change was made to plaintiff's cell assignment until he was transferred out of the WCF on some unspecified date. He seeks compensatory and punitive damages.

Jones contends that the action should be dismissed pursuant to 42 U.S.C. § 1997e(a). The Sixth Circuit has held that § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or

5

some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts:

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), *cert. denied*, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

The affidavit of Sergeant Burnett, which was sworn to on October 4, 2004, states as follows:

> 1. I am an adult resident of the State of Tennessee, and make this affidavit on personal knowledge.
>
> 2. I am employed by Corrections Corporation of America (CCA) as the Grievance Officer at Whiteville Correctional Facility, a private correctional facility owned and operated by CCA, and located in Whiteville, Tennessee.
>
> 3. As the Grievance Officer, I am responsible for receiving and logging in all inmate grievances and grievance appeals; coordinating the investigation of grievances; preparing written decisions; providing such decisions to the grieving inmate; ensuring that responsive action is taken, where appropriate; and maintaining grievance records.
>
> 4. During the time inmate Faulkner was incarcerated at Whiteville, there was a formal grievance procedure in place.
>
> 5. I have reviewed the facility's grievance logs for records pertaining to inmate William P. Faulkner.
>
> 6. There is no record that inmate William P. Faulkner ever filed a grievance regarding his need or desire to be placed in a cell with a non-smoker.
>
> 7. There are records of inmate Faulkner filing grievances regarding other issues, such as disciplinary actions, which were resolved.

Although plaintiff addressed the issue of exhaustion in his October 21, 2004 response to the motion to dismiss, the substance of his response is not clear. First, plaintiff cites to a Tenth Circuit decision, Smith v. Corrections Corporation of Am., 92 Fed. Appx. 649 (10th Cir. Feb. 13, 2004), which noted that the written grievance procedure CCA submitted in that case, dated December 1, 2002, post-dated the June 5, 2002 incident at issue in that case.

7

Plaintiff cites that decision to suggest that CCA posted a grievance procedure after he was transferred out of the WCF in late January of 2002. However, there has been no showing that the WCF did not have a grievance procedure while the plaintiff was incarcerated at that facility. Indeed, the complaint admits that "[t]here is a grievance process at Whiteville." (Compl., p. 1.)

Next, plaintiff states as follows:

> The grievance process starts verbally. The defendant's conceded (see motion to dismiss) that the plaintiff repeatedly approached staff to tell them that the doctor gave his medical opinion that the plaintiff should be moved. At no time did any of the staff ever tell the plaintiff anything about the complaint process that was to the contrary of what the plaintiff was already doing. And when the defendant's heard that the plaintiff was in the process of filing a lawsuit they moved the plaintiff out of state therefore nullifying 1997(e) that the plaintiff must exhaust where the violations took place.

(Pl.'s Br., filed Oct. 21, 2004, at 1-2.)[5] The plaintiff's informal complaints do not relieve him of the obligation of filing a formal inmate grievance.[6] Moreover, there is no legal

---

[5] This response is not sworn to under penalty of perjury and, therefore, ordinarily cannot be considered as evidence in opposition to a motion for summary judgment. Plaintiff's knowledge of these evidentiary requirements is demonstrated by the fact that he submitted the affidavit of another prisoner in opposition to the motion to dismiss. Because the plaintiff is a prisoner, however, it may be inappropriate to dismiss the action on that basis without order him the opportunity to submit his response in the proper form. See, e.g., United States v. Ninety-Three (93) Firearms, 330 F.3d 414 (6th Cir. 2003) (suggesting that district courts are required to advise *pro se* prisoners of their responsibilities in responding to summary judgment motions). Because plaintiff's response would be insufficient to defeat summary judgment even if it were sworn to under penalty of perjury, the Court declines to order the plaintiff to correct this defect in his response.

[6] Shephard v. Wilkinson, 27 Fed. Appx. 526, 527 (6th Cir. Dec. 5, 2001) ("While Shephard asserts that he has raised his complaints in numerous letters to prison and public officials, a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims."); Reeder v. Seabold, 22 Fed. Appx. 528, 530 (6th Cir Nov. 6, 2001) (inmate not entitled to "bypass" grievance procedure by raising issue with deputy warden); Jacobs v. Wilkinson, 21 Fed. Appx. 273, 275-76 (6th Cir. Aug. 8, 2001) (informal complaint to deputy warden no substitute for inmate grievance); Hewell v. Leroux, 20 Fed. Appx. 375, 377 (6th Cir. Sept. 21, 2001); see also Clark v. Beebe, No. 98-1430, 1999 WL 993979, at *2 (6th Cir. Oct. 21, 1999) (district court erred in holding that prisoner had substantially complied with

requirement that prison officials advise inmates of the necessity of complying with the PLRA before commencing an action pursuant to 42 U.S.C. § 1983. Brock v. Kenton County, Ky., 93 Fed. Appx. 793, 797-98 (6th Cir. Mar. 23, 2004). The plaintiff was aware of the grievance procedure used at the WCF, as evidenced by the grievances he filed on other matters, and nothing in his response indicates that some rule at the WCF prevented him from filing a grievance prior to his transfer to another prison. See Boyd, 380 F.3d at 999 (rejecting inmate's vague assertion that he "did not know about the existence of a legitimate grievance procedure"). Under these circumstances, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he exhausted his administrative remedies.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." Baxter, 305 F.3d at 489.[7] Accordingly, the complaint is subject to dismissal in its entirety pursuant to 42 U.S.C. § 1997e(a).

Notwithstanding the failure to exhaust administrative remedies, the Court may dismiss a claim on the merits if it fails to state a claim upon which relief may be granted.

---

exhaustion requirement by writing a letter to the U.S. Attorney's office that eventually made its way to the warden of plaintiff's prison).

[7] As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

See § 1997e(c)(2). In this case, Jones also seeks dismissal of this action on statute of limitations grounds. A one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Bernt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). Although the complaint does not state the dates on which any of the events in question occurred, the defendant has submitted the affidavit of Ina Carter, sworn to on October 4, 2004, which states that plaintiff was incarcerated at the WCF from June 6, 2000 until February 2, 2002. The plaintiff's complaint was signed on May 31, 2004 and, even if it is assumed to have been filed on that date, Houston v. Lack, 487 U.S. 266 (1988), it is plainly untimely.

In response, the plaintiff argues that he was, at all relevant times, in the custody of the State of Wisconsin and, therefore, Wisconsin law should apply. Plaintiff cites no authority for this proposition. In Hill v. Overton County, Tennessee, No. 98-6762, 2000 WL 145190, at *1 (6th Cir. Jan. 31, 2000), the Sixth Circuit rejected a claim that a Michigan prison housed in Tennessee was entitled to the benefit of Michigan's three-year limitations period for personal injury actions. Accordingly, plaintiff's complaint is time barred.

For all the foregoing reasons, the Court GRANTS defendant Jones's motion for summary judgment. In light of this ruling, the motion for appointment of counsel is DENIED as moot.

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis*. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may

10

not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. The same considerations that lead the Court to grant summary judgment to the defendant also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[8] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)-(b).

IT IS SO ORDERED this 28th day of July, 2005.

                                                            */s/ James D. Todd*
                                                            JAMES D. TODD
                                                            UNITED STATES DISTRICT JUDGE

---

[8] Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 32 in case 2:04-CV-02974 was distributed by fax, mail, or direct printing on July 29, 2005 to the parties listed.

---

William P. Faulkner
244067
100 Corrections Drive
Stanley, WI 54768

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Michelle Affatati
Stafford Rosenbaum LLP
3 South Pinckney St.
Madison, WI 53701--178

Honorable James Todd
US DISTRICT COURT